## TITLE BY ADVERSE POSSESSION TO A RIGHT OF WAY.

Common Pleas Court of Columbiana County.

ANNIE SULLIVAN AND JOHN T. C. SULLIVAN v. COLUMBIANA COUNTY AGRICULTURAL SOCIETY ET AL.*

Decided, September Term, 1918.

*Right of Way for Use as Street—May be Acquired by Adverse Possession—Recitals of Deed—Actual Possession by Claimant Sufficient Notice to Prospective Purchaser—Conveyance by a Religious Society Without Authority of Court—Open to Attack by Member of Society Only.*

1. The title and right of possession to a right of way may be acquired by adverse possession.
2. Where a part of a right of way is specifically described in a deed as appurtenant to the land conveyed, the grant is thereby limited to that part, although formerly a more extended right was attached as an appurtenance. Especially is this so when neither the necessity, nor the convenience of the latter longer exists.
3. Actual possession by an adverse claimant is notice to a prospective purchaser of such equitable title as the one in possession may prove to have.
4. The want of an order of court under Section 10051, General Code, authorizing a religious society to convey real estate can not be taken advantage of by a person not a member of the society. The transaction is at most voidable, subject to direct attack by those only who had a right to object at the time and upon grounds on account of which the order would probably have been denied.

*Affirmed by the Court of Appeals.

*William H. Spence,* for plaintiffs.
*Billingsley, Moore & Van Fossan,* for defendants.

DUNCAN, J.

Heard on motion for a new trial.

This is an ejectment case—tried to the court. Each party claims the right of possession of the land. The defendant, the

50    COLUMBIANA COUNTY COMMON PLEAS.

Sullivan vs. Agricultural Society.    [Vol. 23 (N.S.)

Columbiana County Agricultural Society, is in possession. The common source of title is Peter Young. The plaintiff, Annie Sullivan, owns a tract in the city of Lisbon 4.30 x 12.10 chains, upon which she resides. We will call this tract No. 1. While Peter Young owned this tract and resided upon it, April 11, 1872, he conveyed to the defendant another tract lying almost cornering it to the southwest. We will call this tract No. 2. The deed for this tract No. 2, following the description, contains these provisions:

"Excepting and reserving therefrom an avenue 33 feet wide off of and along the west side of the said lot or tract of land its entire length from north to south.

Also excepting and reserving therefrom a right of way 33 feet wide to the *grantors,* their heirs and assigns (as an appurtenance to the property upon which they now reside) along the south side from west to east of the aforesaid tract until a good street shall be made and opened up by the authorities of the village of New Lisbon, from the Fairfield road to connect with said avenue along the west side of said tract, when this right shall cease and be terminated."

Afterwards, said Peter Young died, seized of tract No. 1, leaving a will by which he devised the same to certain of his relatives, who in 1889 conveyed it to J. L. Beilhart. In 1901, said Beilhart conveyed this tract with certain rights of way to the Spirit Fruit Society, an incorporated religious society, and this society by successive deeds conveyed the same to the plaintiff, together with a right of way therefrom "south to Prospect street." This street begins about midway of the west side of the village tract No. 2, and runs thence to other streets leading down to the business center of the village. It had just recently been dedicated to public use.

The contention arises over the right of possession of the strip 33 feet wide north and south along the west side of tract No. 2, as a right of way; also along the south end thereof from east to west.

The plaintiff founds her claim upon the provisions of these conveyances. The defense as to the north and south strip is founded upon a written contract with said Beilhart, acting as

the president of the Spirit Fruit Society, of May 11, 1901, of which the defendant thereupon took possession, and on March 18, 1913, received a deed therefor. The defense as to the east and west strip is founded upon the claim of adverse possession of the defendant for a period of twenty-one years and more.

The finding will be for the defendant.

1. As to the east and west strip. I am satisfied from the evidence that the defendant has been in possession of this for more than twenty-one years to the exclusion of the plaintiff and those through whom she claims, and hence, that the action therefor is barred by force of the provisions of Sec. 11219, G. C., as follows:

"An action to recover the title to or possession of real property, shall be brought within twenty-one years after the cause thereof accrued."

Title and right of possession to a right of way, as well as a fee simple, may be acquired by adverse possession. *Stevens v. Shannon*, 6 C. C., 142, 3 Circ. Dec., 386; *Mott v. Toledo*, 17 C. C., 472, 7 Circ. Dec., 216.

2. No effective grant was ever made to the plaintiff either to the east and west strip or the part of the north and south strip south of Prospect street. The grant to the plaintiff can include nothing more than her grantor then possesed, and this rule must necessarily extend back to the court proceeding, wherein the Spirit Fruit Society was authorized to sell tract No. 1 and the "right of way of the aforesaid premises south to Prospect street" to Robert W. Lange, and the deed made to him thereunder, of date June 30, 1908, so limited the grant. This specification of the right of way was carried through all the deeds thence on up to the deed of John H. Hinchliffe and wife to the plaintiff where the grant is made with the "appurtenances" generally. This is sufficient ordinarily to carry all appurtenances without description. 4 Kent Com., 407; *Shields v. Titus*, 46 Ohio St., 528; *Pavey v. Vance*, 56 Ohio St., 162; but it does not have the effect to grant any appurtenances which the grantor did not have. The extent of the plaintiff's title

52 COLUMBIANA COUNTY COMMON PLEAS.

Sullivan vs. Agricultural Society.    [Vol. 23 (N.S.)

in this respect is measured by the title of her grantor, John H. Hinchliffe. So that, if the "right of way from the aforesaid premises south to Prospect Street" was specified in the deeds leading up to Hinchliffe, the plaintiff's "right of way" is likewise limited. This part having been specified, the right as to the other part, though otherwise implied, is thereby terminated. *"Expressum facit cessare tavitum."* Especially is this so when, as here, another claimant is in possession of the part in question, and another way out, more direct and convenient, is made available by the recent dedication of a new street.

3. The defendant was in possession of a part of this north and south right of way under a contract therefor with The Spirit Fruit Society for the purchase thereof, and the purchase price had been paid. This created an equity therein in favor of the defendant. The contract was executed. Nothing remained to be done except the formal part of making the deed, and now this has been done. This deed was made after the plaintiff's rights attached, but it does not affect the situation as it existed before she purchased. The defendant's possession was notice to her.

In *House* v. *Beatty,* 7 Ohio (pt. 2) 84, it is held that notorious and actual possession of land by one is notice to all of whatever rights he has. It is a fact to invite inquiry of anyone wishing to purchase. In *Kelley* v. *Stanbury,* 13 Ohio, 408, it is held that there can be no valid plea of *bona fide* purchaser where the lands purchased are in the actual possession of third parties. This possession is notice to all the world of their rights. Therefore, the purchaser of land in possession of a third person is chargeable with notice of the rights and equities of the one in possession. And in *McKinzie* v. *Perrill,* 15 Ohio St., 162, it is held that a purchaser of land in the actual possession of a third person is chargeable with the notice of any equitable title of the one in possession, whatever the same may prove to be. See also to the same effect, *Day, Williams & Co.* v. *Atlantic & G. W. Ry.,* 41 Ohio St., 392; *Jaeger* v. *Hardy,* 48 Ohio St., 335, and *Root* v. *Pennsylvania Co.,* 5 Dec., 315, 7 N. P., 337.

Whether an order of court was necessary to authorize the Spirit Fruit Society to convey the premises, to my notion, matters little under the facts of this case. The statute providing for this, Sec. 10051, G. C., reads as follows:

"When a  *  *  *  religious society  *  *  *  desires to sell  *  *  *  any real estate owned by it,  *  *  *  the trustees, wardens and vestry, or other officers intrusted with the management of the affairs of such society  *  *  *  or such society  *  *  *  itself, if it be incorporated under any law of this state, in the common pleas court of the county in which the real estate is situated may file a petition stating how and by whom the title thereto is held, that such society or association desires to make the sale  *  *  *  and setting forth the object thereof. If upon the hearing of the case it appears that such sale  *  *  *  is desired by the members of the society  *  *  *  and that it is right and proper that authority be given to accomplish it, the court may authorize the trustees or other officers of the society  *  *  *  or if incorporated the society  *  *  *  itself, to sell  *  *  *  such real estate in accordance with the prayer of the petition and upon such terms as the court deems reasonable."

It will be observed that there is no prohibition, words of command nor condition precedent expressed in the statute which requires a holding that this method must be followed in order to convey a good title. By its provisions, if "it appears that such sale  *  *  *  is desired by the members of the society  *  *  *  and that it is right and proper that authority be given to accomplish it, the court may authorize" it. Who could be heard in an action to set it aside? Certainly not a stranger. And if a member of the society, other party in interest or the state should petition, would the court set the transaction aside, if it appeared that at the time of the transaction the sale was "desired by he members of the society and was right and proper," under the circumstances then existing? As showing that the transaction is nothing more than voidable in any case, notice the reading of Sec. 10055, G. C., as follows:

"When the trustees or other officers mentioned in the preceding sections heretofore have sold and conveyed by deed in

fee simple   *   *   *   any real estate therein mentioned, without proceeding as required by such sections, and the grantees thereof and their successors in line of title, for five years since the date of such conveyance, held continued, exclusive, notorious and adverse possession of the real estate so conveyed, such sales   *   *   *   shall have the same validity and effect as if they had ben made by proceedings instituted under such sections and duly confirmed by the court of common pleas.''

This section merely confirms and makes absolute any conveyance of real property of a religious society not authorized by order of court, where the purchaser has ''held continued, exclusive, notorious and adverse possession'' thereof for five years since the date of his conveyance.   In other words, it is a statute of limitations within which an action may be brought by an interested party to contest the right on the facts upon which the court might have made the order in the first place under said Sec. 10051.   If then the transaction is *voidable* only, and not void, it must stand until successfully questioned in a direct attack by some one who had a right to be heard at the time it was made.

It therefore follows that the plaintiff does not own or have the right of possession of that part of the north and south strip south of Prospect street, nor that part thereof north of Prospect street described in the contract of May 11, 1901, actually occupied by the defendant.   The defendant is not in possession of any other part of the land described in the petition.

The defendant John T. C. Sullivan is interested in this controversy only as the husband of the plaintiff, Annie Sullivan. D. Carl Scott was afterwards made a defendant as recorder of this county.   The deed of March 18, 1913, from the Spirit Fruit Society to the defendant had been left with him for record and he was enjoined from recording the same until further order. This temporary injunction will be dissolved.   The motion for new trial if one is filed will be overruled and judgment entered in favor of the defendants for their costs herein.